JENNY JENKS V. LYMAN B. BROWN AN INFANT, BY HIS NEXT FRIEND HIRAM B. BROWN.

*Demurrer—Waiver of formal defects in declaration by introducing testimony.*

Verbal demurrers in the circuit court are unauthorized.

Defendant waives formal defects in a declaration by putting in testimony.

Where the proof is not given in the record, it must be assumed to be sufficient to support the verdict.

Error to Wayne. Submitted April 9. Decided April 16.

TRESPASS ON THE CASE for damages. Defendant brings error.

*Wm. Johns, Jr.,* for plaintiff in error.

*J. W. Donovan* for defendant in error. Demurrer to the declaration must be seasonably made, *Jennison v. Haire,* 29 Mich., 210; amendments to pleadings have been allowed after beginning of trial where justice would not be thereby defeated, *Detroit, Hillsdale & Ind. R. R. v. Forbes,* 30 Mich., 165; *Borden v. Clark,* 26 Mich., 410.

PER CURIAM. Suit was brought under section 2065 of the Compiled Laws, against plaintiff in error for damage done by her dog in biting defendant in error while in a highway and out of her enclosure. The declaration in the suit before a justice was verbal and referred to the section in question, and averred the injury to have been done to the plaintiff below "while on the highway and out of the enclosure of the said defendant, by a dog, the property of defendant, owned or kept by defendant contrary to" said section.

The general issue was pleaded and on a trial before the justice judgment was recovered, and appeal was taken by Miss Jenks to the circuit.

On the trial at the circuit defendant's counsel objected that the declaration set forth no cause of action. Plaintiff thereupon was allowed on his request to amend by inserting the words " or kept by said defendant."

Defendant thereupon demurred to the declaration on the ground that it was in the disjunctive, and did not declare against defendant as owner or keeper or both. This was overruled, and the ruling excepted to.

The case was then tried on the merits. Defendant below asked a charge that the plaintiff was not entitled to recover under the pleadings and evidence. The jury found for plaintiff and found specially that Miss Jenks was both owner and keeper of the dog.

The first objection under which the amendment was put in was not made until plaintiff had closed his case and had as we must assume proved that Miss Jenks

was both owner and keeper of the dog. No amendment made at that stage could very well take defendant by surprise, especially if—as appears from the record, it was really no amendment, but was already in the justice's return. We are not aware of any practice which authorizes verbal demurrers in the circuit court. We do not, however, think the declaration—if defective—to have been more than technically and formally so—and governed by the liberality due to oral proceedings before a justice, it was free from any substantial objections.

Defendant however proceeded to put in his testimony, and waived any defect if it existed.

As for the objection that there was no proof to support the verdict it is enough to say that we are not told what the proof was, and must assume it was sufficient.

Judgment must be affirmed with costs.